UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0300-B-3 |
| | § | |
| SAVALAS CHRISTOPHER LOVE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Savalas Christopher Love's Motion to Reduce Sentence Under First Step Act (Doc. 199) and Motion for Compassionate Release (Doc. 206). For the reasons that follow, Love's Motion to Reduce Sentence is **DENIED**. Further, his Motion for Compassionate Release is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

Savalas Christopher Love pleaded guilty to conspiring to interfere with commerce by robbery and using a firearm in furtherance of a crime of violence. Doc. 169, J., 1. On September 22, 2016, he was sentenced to 147 months of imprisonment and two years of supervised release. *Id.* at 1–3.

On April 2, 2019, Love filed a Motion to Reduce Sentence Under First Step Act (Doc. 199). In this motion, Love seeks relief based on the First Step Act's amendment to sentencing for convictions under 18 U.S.C. § 924(c). *See* Doc. 199, Def.'s Mot., 1. Additionally, on August 24, 2020, Love filed a Motion for Compassionate Release (Doc. 206) based on his medical conditions and the COVID-19 pandemic. *See* Doc. 206, Def.'s Mot., 1. He is currently held at Butner Medium

-1-

II Federal Correctional Institution (FCI) with a projected statutory release date of February 15, 2025.[1] As of August 31, 2020, Butner Medium II FCI has two active cases of COVID-19 among its inmates.[2] The Court addresses each of Love's motions below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

Below, the Court first addresses Love's motion seeking a reduction in sentence based on the First Step Act's amendment to sentencing for § 924(c) offenses. Because this amendment does not apply to Love's sentence, the Court denies this motion. Thereafter, the Court turns to Love's motion for compassionate release. Since Love has not exhausted his administrative remedies or demonstrated

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/ (last visited Sept. 1, 2020).

extraordinary circumstances for release, the Court denies his compassionate-release motion without prejudice.

A. *The Court Denies Love's Motion for a Sentence Reduction Because the First Step Act's Amendment to Sentencing for § 924(c) Offenses Does Not Affect His Sentence.*

Love's first motion seeks a reduction in sentence, explaining that "[t]he First Step Act has eliminated the provision that requires multiple 924c firearm mandatory sentences to be stacked." Doc. 199, Def.'s Mot., 1. Based on this amendment, Love asks the Court to order that the sentences for his two convictions run concurrently. *See id.*; *see also* Doc. 169, J., 2 (sentencing Love to consecutive terms of sixty-three months and eighty-four months of imprisonment).

Because the relevant amendment does not apply to Love's case, the Court denies his request for a sentence reduction. Section 403 of of the First Step Act "amended 18 U.S.C. § 924(c)(1)(C)(i), the provision that imposes a 25-year minimum sentence for repeat firearm offenders, to reduce the severity of 'stacked' charges." *United States v. Gomez*, 960 F.3d 173, 176 (5th Cir. 2020). Under the amendment, "the 25-year repeat-offender minimum no longer applies where a defendant is charged simultaneously with multiple § 924(c)(1) offenses." *Id.* at 176–77. Rather, "[n]ow, to trigger the 25-year minimum, the defendant must have been convicted of a § 924(c)(1) offense in a prior, separate prosecution." *Id.* at 177 (citation omitted). But the Court did not sentence Love as a repeat firearm offender—Love received eighty-four months of imprisonment for a single conviction under § 924(c). *See* Doc. 169, J., 1–2. Thus, this amendment does not apply to Love's sentence, and the Court **DENIES** his motion for a sentence reduction.[3]

---

[3] Additionally, this amendment does not apply retroactively. *See Gomez*, 960 F.3d at 177. Instead, the amendment "appl[ies] to any offense that was committed before the date of enactment of [the First Step Act], if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018,

B.  *The Court Denies Love's Motion for Compassionate Release Because Love Has Not Satisfied the Exhaustion Requirement or Shown Extraordinary Reasons for Release.*

    1.  <u>Love has failed to provide proof of exhaustion of administrative remedies.</u>

A defendant may bring a motion for compassionate release under § 3582(c)(1)(A) only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).

In his motion for compassionate release, Love states that he "filed for compassionate relief," received a denial, and "exhausted all remedies with the [BOP]." Doc. 206, Def.'s Mot., 1. But Love has not attached any proof of a request to the warden of his facility, nor proof of a denial from the warden. *See generally id.* Accordingly, Love has not satisfied § 3582(c)(1)(A)'s exhaustion requirement. *See* § 3582(c)(1)(A).

Due to Love's failure to meet the exhaustion requirement under § 3582(c)(1)(A), the Court **DENIES** his motion for compassionate release **WITHOUT PREJUDICE** to re-filing upon exhaustion of all administrative appeals or a thirty-day lapse from the warden's receipt of his request.[4]

---

Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018); *see United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019) (explaining that § 403 of the First Step Act "changed the law . . . going forward") (citation omitted). Because the First Step Act was enacted in 2018, and Love was sentenced in 2016, *see* Doc. 169, J., 1, § 403 would not entitle him to a sentence reduction even if he had received a sentence for multiple § 924(c) offenses.

    [4] The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived), *R. & R. adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Love's motion, Love has not shown extraordinary and compelling reasons for release.

> 2. Love's motion fails to provide extraordinary and compelling reasons warranting compassionate release.

Regardless of Love's failure to satisfy the exhaustion requirement, Love has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[5] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019). These courts "consider[ ] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *7–8). The Court will do the same here.

In light of the COVID-19 pandemic, Love claims that his health conditions constitute extraordinary and compelling reasons for compassionate release. Doc. 206, Def.'s Mot., 1–2.

As a preliminary matter, the general circumstances of the COVID-19 pandemic do not form a basis for compassionate release. The Court recognizes the unprecedented nature of COVID-19 and

---

[5] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. 1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

understands Love's fear of contracting the virus. Nevertheless, incarcerated individuals nationwide face Love's same circumstances. Thus, the existence of the COVID-19 pandemic fails to demonstrate extraordinary reasons specific to Love. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements").

With respect to Love's individual circumstances, Love indicates that he suffers from numerous health conditions, including asthma and Crohn's disease, among others. Doc. 206, Def.'s Mot., 1. He explains that these "medical issues were brought up during [his] sentencing . . . ." *Id.*

But Love has not submitted any recent medical documentation demonstrating the existence and severity of his conditions to show how they would put him at a greater risk of severe symptoms should he contract COVID-19. *See generally id.* With no medical records from Love, the Court cannot deem Love's health conditions "extraordinary and compelling reasons" for compassionate release. *See* § 3582(c)(1)(A). Accordingly, the Court **DENIES** Love's motion **WITHOUT PREJUDICE** to re-filing.

### IV.

### CONCLUSION

First, the Court **DENIES** Love's Motion to Reduce Sentence Under First Step Act (Doc. 199), because he is not entitled to relief under § 403 of the First Step Act. Second, the Court **DENIES** Love's Motion for Compassionate Release (Doc. 206) **WITHOUT PREJUDICE** based on his failure to satisfy the exhaustion requirement and show extraordinary reasons for release.

By denying Love's compassionate-release motion without prejudice, the Court permits him to file a subsequent motion for compassionate release in the event that he can prove: (1) that he has

satisfied the exhaustion requirement under § 3582(c)(1)(A), and (2) that his circumstances rise to the level of extraordinary and compelling.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. *See* § 3582(c)(1)(A). Due to Love's failure to exhaust and show extraordinary reasons for release, the Court need not conduct a § 3553 analysis today.

**SO ORDERED.**

**SIGNED: September 2, 2020.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE