UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0300-B-3 |
| | § | |
| SAVALAS CHRISTOPHER LOVE, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Savalas Christopher Love's Renewed Motion for Compassionate Release (Doc. 211). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On September 22, 2016, Love was sentenced to 147 months of imprisonment and two years of supervised release after pleading guilty to: (1) conspiracy to interfere with commerce by robbery, and (2) using, carrying, and brandishing a firearm during, in relation to, and in furtherance of a crime of violence. Doc. 169, J., 1–3. Love is currently thirty-five years old and is confined at Butner Medium II Federal Correctional Institution (hereinafter "Butner FCI") with a statutory release date of February 15, 2025.[1] As of February 26, 2021, Butner FCI has thirty active cases and 393 recovered

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

cases of COVID-19 among its inmates.[2]

In August 2020, Love sought compassionate release under 18 U.S.C. § 3582 on the basis of several alleged diseases, but he lacked supporting medical documents. *See* Doc. 206, Def.'s Mot., 1–2. Specifically, Love alleged that he "suffer[ed] from chronic Chrons [sic] disease, prostatitis, Asthma, bipolar disorder, inflamotory [sic] bowel disease, parianal disease, evascular nyrosis and degenerative joint disease[.]" *Id.* at 2. The Court denied Love's motion for compassionate release without prejudice, however, on the grounds that Love did not prove exhaustion and did not demonstrate extraordinary and compelling reasons warranting release. Doc. 207, Mem. Op. & Order, 4–6.

Now, Love has filed a renewed motion for compassionate release, which is accompanied by copies of correspondence with prison officials as well as medical records. *See generally* Doc. 211, Def.'s Mot. In his pending motion, Love states that "the C.D.C. has made it clear that people with pre-existing medical conditions are to be considered High Risk for severe complications and death from corona-virus[.]" *Id.* at 1. He further explains that he has "had several surgeries including the removal of over 90% of [his] colon and [his] rectum leaving [him] to wear a colostom [sic] bag[.]" *Id.* Love states that due to Crohn's disease, he has had to have his hip replaced, his right shoulder replaced, and his tail bone removed. *Id.* Finally, Love states that he tested positive for COVID-19 in January 2021. *Id.* The Court addresses Love's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been

---

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/.

imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

In sum, the Court denies Love's request for compassionate release because, while he has proved exhaustion, he has not demonstrated extraordinary and compelling circumstances under § 3582(c)(1)(A).

A. *Love Has Satisfied the Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Love appends to his motion: (1) a letter dated May 4, 2020, from Butner FCI's warden

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

denying Love compassionate release based on COVID-19 concerns; (2) another letter dated October 6, 2020, from the warden referencing a September 14, 2020, denial of compassionate release based on COVID-19 concerns; and (3) a letter dated December 11, 2020, denying Love's administrative appeal of one of the warden's decisions, though it is not clear which one. Doc. 211, Def.'s Mot., 3–5.

Because the BOP has denied Love compassionate release as recently as December 11, 2020 (and thus more than thirty days have lapsed since the warden received Love's request), the Court finds that Love has demonstrated proof of exhaustion.

B.   *Love Fails to Demonstrate Extraordinary and Compelling Reasons Warranting Compassionate Release.*

Regardless of the exhaustion requirement, Love has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam) (noting

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *7–8). The Court will do the same here.

The Court acknowledges that the COVID-19 pandemic is unprecedented. However, to the extent Love has generalized concerns about the pandemic's effect on the nation—and Butner FCI—these concerns are not extraordinary and compelling circumstance specific to him. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). Thus, insofar as Love seeks compassionate release on the ground that COVID-19 is prevalent in his facility, his request fails.

Regarding Love's individual conditions, Love bases his pending request for compassionate release primarily on his Crohn's disease and related complications. Doc. 211, Def.'s Mot., 1. The severe gastrointestinal conditions Love alleges are substantiated by his medical records—Love indeed has a well-documented history of Crohn's disease and consequent surgeries. *See id.* at 12–31. The Court does not discount the discomfort Love endures as a result of these conditions. Nor does the Court ignore Love's allegation that these conditions compromise his immune system to a certain degree. But the Court does not find that Love's conditions alone constitute extraordinary and compelling circumstances. Love does not allege that his Crohn's disease is uncontrolled or that he is not receiving proper care to manage it at Butner FCI. *See* U.S.S.G. 1B1.13 cmt. n.1 (noting that an extraordinary and compelling medical condition is one "that substantially diminishes the ability

of the defendant to provide self-care within the environment of a correctional facility").

## IV.

## CONCLUSION

For the foregoing reasons, Love's renewed motion for compassionate release (Doc. 211) is **DENIED WITHOUT PREJUDICE** for failure to demonstrate extraordinary and compelling reasons for compassionate release.

By denying Love's motion without prejudice, the Court permits Love to file a subsequent motion for compassionate release in the event he can demonstrate: (1) that his circumstances have changed such that they rise to the level of extraordinary and compelling; and (2) that he has exhausted his administrative remedies with respect to those circumstances.

Lastly, before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. Though the Court need not conduct that analysis today, it notes that those factors include the need for a sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" § 3553(a)(2)(A).

SO ORDERED.

SIGNED: March 1, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE